### CAYEY SUGAR COMPANY, APPELLANT, *v.* THE REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a. Decision of the Registrar of Property Denying Admission to Record of a Deed Creating a Servitude.

No. 245.—Decided November 9, 1915.

RECORD OF TITLE—SERVITUDE—RIGHT OF WAY—RAILROAD.—The fact that an instrument creating a continuous and voluntary servitude of right of way for the construction of a railroad for hauling agricultural products and factory materials authorizes the use of the said railroad after the termination of a specific period for public use and benefit does not prevent that when for any reason the intervention of the Executive Council may be necessary it may grant the necessary concession or franchise with the approval of the Governor, in accordance with section 32 of the Organic Act. Such an instrument does not trespass upon the province of the Executive Council and, therefore, is recordable in the registry of property.

The facts are stated in the opinion.

*Mr. V. F. Rodríguez Ortiz* for the appellant.

*Mr. Rafael Tirado Verrier,* the respondent registrar, did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of court.

On November 3, 1911, Lucía Llera y Vázquez, widow of Gaudier, executed an instrument before Notary Vicente Ferrer Rodríguez Ortiz creating a servitude in favor of the Cayey Sugar Company, a corporation, and upon its presentation in the Registry of Property of Guayama the registrar refused to admit the same to record for the reason stated in the following decision:

"Admission to record of the foregoing document is denied because by it Lucía Llera authorizes the Cayey Sugar Company to utilize the servitude which it creates for public use and benefit and this authorization is exclusively the province of the Executive Council, which alone can grant that kind of franchise. A cautionary notice is entered, etc."

From that decision the Cayey Sugar Company appealed to this court.

By the said instrument Lucía Llera y Vázquez creates a continuous and voluntary servitude of right of way over a property belonging to her and described, in favor of the Cayey Sugar Company, a corporation, or its successors, and authorizes it to construct thereon a permanent railroad for hauling by means of locomotives and the necessary cars all such agricultural products and other materials as may·be necessary for the use and development of its factory. The land subject to the servitude is described. The grantee corporation is authorized to construct and maintain the track in good condition—build bridges, fences, gates and the like. The term fixed for the duration of the servitude is twenty years, during which time the grantor is to make.no charge for the right granted, but if the grantee corporation or.its successor elect to continue the use of the servitude after the termination of that period, for itself or for public use and benefit, it may do so for an indefinite time upon paying to the grantor four dollars monthly for each *cuerda* in length occupied by the track.

Such are the conditions governing the servitude created by Lucía Llera in favor of the Cayey Sugar Company and we do not see any failure thereby to recognize the power conferred by section 32 of the Organic Act of Porto Rico upon the Executive Council in providing that all grants of franchises, rights and privileges or concessions of a public or quasi-public nature shall be.made by the Executive Council, with the approval.of the Governor.

In the lawful exercise of her right of ownership of a tract of land, Lucía Llera creates thereon a gratuitous servitude of right of way for a period of twenty years in favor of the Cayey Sugar Company in order that it may construct a railroad for the transportation of agricultural products and materials for its factory, with the right to continue using the said servitude for itself or for public use and benefit for an indefinite time after the expiration of the said term

by paying four dollars a month for each *cuerda* of land in length occupied by the track. The servitude in question grants the right to lay the track on land belonging to Lucía Llera y Vázquez for the exclusive benefit and use of the Cayey Sugar Company for a period of twenty years and for public use and benefit after the expiration of that time, but this does not prevent that when for any reason the intervention of the Executive Council may be necessary it may grant the necessary concession; and there is the advantage that in the event of such grant there will be no need for the owner, Lucía Llera, voluntarily or by condemnation proceedings, to create in favor of the Cayey Sugar Company the servitude which she now acknowledges.

For the foregoing reasons the decision appealed from is reversed and it is ordered that the instrument be recorded.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.